IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN STUBBS, | ) | CASE NO. 1:17 CV 2386 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by Marilyn Stubbs under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI").[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

For the reasons set forth below, I affirm in part and reverse and remand in part the ALJ's denial of benefits.

---

[1] The parties have consented to my jurisdiction. ECF No. 12.
[2] ECF No. 1.
[3] ECF No. 8.
[4] ECF No. 9.
[5] ECF No. 5.
[6] ECF No. 11.
[7] ECF No. 16 (Stubbs's brief); ECF No. 18 (Commissioner's brief).
[8] ECF No. 16, Attachment 1 (Stubbs's charts); ECF No. 18, Attachment 1 (Commissioner's charts).
[9] ECF No. 15 (Stubbs's fact sheet).

**Facts**

The Administrative Law Judge ("ALJ") found that Stubbs had the following severe impairments: diabetes mellitus; hypertension; degenerative disc disease; asthma; panic disorder with agoraphobia; depressive disorder; and alcohol abuse.[10] The ALJ decided that the relevant impairments did not meet or equal a listing.[11] The ALJ found Stubbs had the residual functional capacity ("RFC") to perform medium work as defined in the regulations, with additional limitations.[12] The ALJ decided that this RFC precluded Stubbs from performing her past relevant work.[13]

Based on testimony by the vocational expert ("VE") at the hearing, the ALJ determined that a significant number of jobs existed nationally that Stubbs could perform.[14] The ALJ, therefore, found Stubbs not under a disability.[15]

**C.     Issues presented**

Stubbs asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Stubbs presents the following issues for judicial review:

- Whether the ALJ applied appropriate standards in the evaluation of the opinions of Stubbs's treating physicians.

---

[10] ECF No. 9, Transcript of Proceedings ("Tr.") at 82.
[11] *Id.* at 83.
[12] *Id.* at 86.
[13] *Id.* at 90.
[14] *Id.* at 91-92.
[15] *Id.* at 92.

- Whether the ALJ erred in the assessment of Stubbs's hand restrictions and the impact of those restrictions on Stubbs's RFC.[16]

I address each of these issues below, in reverse order.

## Analysis

### A. Hand restrictions

As to use of the dominant hand, Dr. Assam, a consultative examiner, did muscle testing in 2014 and found normal grasp, manipulation, pinch, and fine coordination in both hands.[17] He nevertheless opined Stubbs had mild limitations in activities requiring repetitive movements with the right hand.[18] The state agency reviewing physicians opined Stubbs had limited gross manipulation in the right hand and could only occasionally engage in repetitive movements with the right hand.[19] Treating physician Dr. Heather Rainey, M.D., opined that Stubbs could only occasionally reach and do fine and gross manipulation because of her cervical disc degeneration and carpal tunnel syndrome.[20] The ALJ found, nevertheless, that Stubbs frequently could handle, finger, and feel with the right, dominant hand. This is contrary to the opinions of all the acceptable medical sources.

The Commissioner tries to explain this away in her brief, but this is *post hoc* rationalization as the ALJ does not address why she declined to adopt the opinions of the acceptable sources. The initial hypothetical given to the VE included frequent use of the

---

[16] ECF No. 16 at 1.
[17] Tr. at 352.
[18] *Id.* at 351.
[19] *Id.* at 149, 165.
[20] *Id.* at 613.

3

dominant hand.[21] The VE responded with a significant number of jobs at the medium level in the national economy.[22] When another hypothetical included the capacity to perform with only "one extremity," the VE identified a significant number of jobs at the light level in the national economy.[23] As a result, any error in failing to include greater limitations on the use of the right hand is harmless.

**B.     Treating physician rule and good reasons requirement**

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[24] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[25] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[26] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[27] This presumption may be rebutted by application of the factors set forth in 20 C.F.R. §§ 416.927(c)(2)(i)-(ii), (3)-(6).[28] The Court cautioned against collapsing these two distinct analyses into one.[29]

---

[21] *Id.* at 132.
[22] *Id.* at 133.
[23]  *Id.* at 134-35.
[24] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[25] *Id.* at 375-76.
[26] *Id.* at 376.
[27] *Rogers*, 486 F.3d at 242.
[28] *Gayheart*, 710 F.3d at 376.
[29] *Id.*

4

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned, applying the regulatory factors governing each analytical step.[30] Also, despite the reality that a unified statement of these "good reasons" greatly enhances meaningful judicial review,[31] some authority exists for looking outside the unified statement for analysis of the weight assigned to a treating source's opinion.[32] Going beyond the reasons stated in the unified statement takes the Court in the hazy gray area where the sirens of *de novo* review and *post hoc* rationalization reside. A reviewing district court must avoid both. An ALJ cannot avoid reversal by merely citing exhibits in the record that might support her findings without discussing the content of those exhibits and explaining how that content provides support.[33] Nor can counsel for the Commissioner save a decision from reversal by citing to evidence in the record not cited and adequately discussed by the ALJ.[34] It is for the ALJ, not the court or Commissioner's counsel, to "build a logical bridge from the evidence to the

---

[30] *E.g., Biestek v. Comm. of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).
[31] *Smith v. Comm. of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, at **7-8 (N.D. Ohio May 14, 2014).
[32] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).
[33] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2104 WL 1944247, at *7 (N.D. Ohio May 14, 2014).
[34] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).

conclusion."[35] "Put simply, . . . there must be some effort . . . to explain why it is the treating physician's conclusion that gets the short end of the stick."[36]

With these principles in mind, I turn to the treatment of the two treating sources' opinions regarding Stubbs' exertional and non-exertional limitations.

Sustainability and sedentary exertional limitations control the outcome here. The VE testified that the following limitations would be work preclusive: 1) more than two absences, tardy arrivals, or early departures per month and 2) sedentary-consistent exertional limitations (lifting, carrying, standing, and walking).

In September 2016, treating physician Rochele M. Beachy, M.D., opined that Stubbs was markedly limited in persistence and attendance.[37] The ALJ assigned partial weight to Dr. Beachy's opinion, concluding that while Dr. Beachy's findings "are consistent with the evidence of record, . . . the evidence indicates that the claimant's mental health symptoms are controlled with medication."[38]

Also in September 2016, treating physician Dr. Rainey opined Stubbs had the following exertional and non-exertional limitations:

- Lift and carry five pounds frequently and 10 pounds occasionally;

- Stand and walk less than 30 minutes at a time and for a total of two hours in an eight-hour workday;

---

[35] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *8 (S.D. Ohio March 5, 2014), *report and recommendation adopted by* 2014 WL 4829539 (S.D. Ohio Sept. 29, 2014).
[36] *Friend* v. *Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).
[37] Tr. at 615-16.
[38] *Id.* at 89.

6

- Sit for less than 30 minutes at a time and for a total of six hours in an eight-hour workday;

- Sit/stand option, with the need for additional breaks;

- Pain would cause her to be off task and cause absenteeism.[39]

The ALJ assigned little weight to Dr. Rainey's opinion "because the medical source statement does not indicate that a functional capacity evaluation was performed."[40] In addition, "[d]espite Dr. Rainey treating the claimant, the record, such as the claimant's normal gait and mild findings on diagnostic studies, do not support such significant limitations." The ALJ made no mention of the non-exertional limitations to which Dr. Rainey opined.

Regarding Dr. Beachy, the ALJ first failed to recognize her, implicitly or explicitly, as a treating source. Further, the reason the ALJ gave for discounting her opinion is internally inconsistent; how can Dr. Beachy's opinion be consistent with the record if there is evidence in the same record that shows Stubbs's mental health impairments were controlled with medication? And even then, the ALJ's opinion omits any reference to or discussion of record evidence that shows that Stubbs's mental health impairments were *not* controlled with medication.[41] The ALJ may not cherry-pick the record and ignore contrary lines of evidence in reaching her conclusions; rather, the ALJ must analyze, weigh, and

---

[39] *Id.* at 612-13.
[40] *Id.* at 89.
[41] *See, e.g., id.* at 342, 377, 488, 499, 519.

resolve any inconsistencies in the record. That was not done here. Therefore, good reasons do not support the weight assigned to Dr. Beachy's opinion.

With respect to Dr. Rainey's opinion, the ALJ acknowledged that Dr. Rainey is a treating source.[42] But the ALJ penalized Dr. Rainey's opinion for not indicating a functional capacity evaluation was performed while simultaneously overlooking physical therapy medical records that support the exertional limitations. Again, the ALJ may not overlook or ignore contrary lines of evidence in the record. And even if the ALJ had analyzed and weighed the contradictory evidence and come to the same conclusions regarding Dr. Rainey's opinion as to Stubbs's exertional limitations, that is not in and of itself a reason for rejecting – again without discussion or analysis – Dr. Rainey's opinion regarding Stubbs' limitations regarding persistence and attendance. The ALJ, therefore, failed to give good reasons for assigning little weight to Dr. Rainey's opinion.

Lastly, the ALJ assigned great weight to the opinions of the state agency sources as consistent with the consultative examinations and the objective evidence in the record, but the state agency sources' opinions predated Dr. Beachy and Dr. Rainey's opinions by approximately a year and a half.

Considering the foregoing, the ALJ's decision through March 24, 2015 – the date of the state agency reviewing sources' latest opinions – is affirmed. But this case must be reversed and remanded for further analysis and articulation regarding Dr. Beachy and Dr. Rainey's opinions.

---

[42] *See id.* at 89.

8

## Conclusion

For the reasons set forth above, the decision of the Commissioner denying Stubbs supplemental security income is affirmed in part and reversed and remanded in part. On remand, the ALJ must properly analyze the opinions of treating sources Drs. Beachy and Rainey, and properly articulate the weight assigned to those opinions and the reasons for that weight.

IT IS SO ORDERED.

Dated: February 27, 2019  	s/ William H. Baughman, Jr.  
	United States Magistrate Judge